UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Neal DRISCOLL | ) | 3:21-CV-00257(KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOB'S DISCOUNT STORES | ) | |
| *Defendant*. | ) | AUGUST 11, 2021 |

MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO DISMISS, ECF NO. 7

Kari A. Dooley, United States District Judge:

Plaintiff Neal Driscoll brings this age discrimination suit pursuant to both the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60. He alleges that, following a layoff from his job, he was not recalled to his former position because of his age.

Pending before the Court is Defendant Bob's Discount Stores' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which the Plaintiff opposes. For the reasons set forth the below, the motion to dismiss is GRANTED.

**Legal Standard**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*,

550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Allegations**

The Plaintiff's allegations, accepted as true, are summarized as follows. At the time of filing, Plaintiff was sixty-one years old. (Compl. ¶ 6.) He began working at one of Defendant's discount furniture stores on November 27, 1995. (Comp. ¶¶ 7–8.) The last job Plaintiff held was as a "Visual Merchandiser," which means that Plaintiff set up retail displays for one of Defendant's stores. (Compl. ¶ 7.) Plaintiff maintains that he was a loyal, hardworking employee whose performance was exemplary. (Comp. ¶ 9.)

As far as back as 2015, co-workers at Defendant's stores made discriminatory comments, including statements that Plaintiff was "too old for the job" and "too slow." (Compl. ¶ 10.) Following a 2018 knee surgery to repair a workplace-related injury, his supervisor at the time yelled at him, stating that Plaintiff's "vacation was over" and that "fun time was over." (Compl. ¶ 11.) Co-workers and supervisors are further alleged to have called Plaintiff "accident prone" and "a risk to the company." (Compl. ¶ 12.)

Plaintiff's layoff on August 7, 2020 was the result of legitimate economic circumstances, and he was told then that the layoff was permanent. (Compl. ¶ 13.) But once the economic crisis subsided, Defendant "refused to allow him back to his old position or to any other comparable position because of his age." (Compl. ¶ 13.) Defendant has recalled sixteen of the nineteen people initially laid off and has not called back Plaintiff "because of his age." (Compl. ¶ 14.) The

Complaint identifies "PJ Sylvestre and certain other executives" as those responsible for failing to recall him. (Compl. ¶ 15.)

On February 22, 2021, Plaintiff obtained a "Release of Jurisdiction" form from the Connecticut Commission on Human Rights and Opportunities. (Compl. ¶ 16.)

**Discussion**

The ADEA and the CFEPA both prohibit age discrimination in employment. Specifically, the ADEA states: "It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, the CFEPA provides: "It shall be a discriminatory practice in violation of this section . . . [f]or an employer . . . to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's . . . age . . . ." Conn. Gen. Stat. § 46a-60(b)(1). Defendant argues that the allegations in the Complaint are factually insufficient to state a claim for relief under either statute whether the allegations are considered supportive of a disparate treatment or direct evidence theory of discrimination. The Court agrees.

Surviving a motion to dismiss in this context requires that the plaintiff plausibly allege "(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *See Bozcar v. Anthem Companies, Inc.*, No. 3:15-cv-00830 (VLB), 2016 WL 7364801, at *5 (D. Conn. Dec. 19, 2016) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 96 (2d Cir. 2010)); *see also Jacobs v. General Elec. Co.*, 275 Conn. 395, 400–401 (2005) (relying on the same elements while explaining the

standards for an age discrimination claim based on Conn. Gen. Stat. § 46a-60). Because the essential element of an employment discrimination claim is that plaintiff suffered injury on the basis of a protected status, the plaintiff must "set forth factual circumstances from which discriminatory motivation may be inferred," which can be done either with allegations of disparate treatment or with direct evidence of discriminatory animus such as discriminatory remarks. *See Shlafer v. Wackenhut Corp.*, 837 F. Supp. 2d 20, 25 (D. Conn. 2011) (citing *Patane v. Clark*, 508 F.3d 106, 112–13 (2d Cir. 2007); *Mabry v. Neighborhood Defender Service*, 769 F. Supp. 2d 381, 392 (S.D.N.Y. 2011)).[1]

Here, the Complaint fails to plausibly raise an inference of discriminatory motivation by alleging disparate treatment. Plaintiff complains that he was not recalled following his layoff "because of his age" and that sixteen other workers were recalled following the end of the economic crisis that precipitated the original layoffs. (Compl. ¶¶ 13–14.) Plaintiff does not allege, however, that the sixteen individuals that were rehired were substantially younger than himself. And it is not therefore a plausible inference that Defendant failed to rehire him on the basis of his age under a disparate treatment theory of liability. *See Shlafer*, 837 F. Supp. 2d at 26 ("Absent any allegations that those who received preferential treatment were substantially younger, it is entirely unclear why the Plaintiff was singled out to receive an adverse employment action."); *see also O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1995) ("In the age-discrimination context, such [a discriminatory] inference cannot be drawn from the replacement of one worker with another worker insignificantly younger.").

---

[1] This Court has previously noted that there is some uncertainty as to whether the discrimination at issue must be the "but for cause" or merely a "motivating factor" of a plaintiff's injury to sustain a claim for age discrimination under the Connecticut Fair Employment Practices Act. *See Rubin v. ADT, LLC*, No. 3:17-CV-01529 (KAD), 2019 WL 4366545, at *5 n.5 (D. Conn. Sept. 12, 2019) (discussing the uncertainty). Because the claims in this case do not plausibly allege age discrimination under even the lesser motivating factor standard, the Court declines to address this uncertainty further or take a position on which standard controls.

In his opposition, Plaintiff does not argue that he has plausibly alleged disparate treatment to support an inference of discrimination. And clearly, he has not. Rather, Plaintiff distinguishes *Shlafer* by citing to the allegations regarding derogatory or discriminatory comments allegedly made by co-workers, a former supervisor, and superiors in paragraphs ten through twelve of the Complaint. In other words, Plaintiff's claims rest on direct evidence of discriminatory animus.

However, of these comments, only the co-worker's comment that Plaintiff was "too old for the job," or "too slow" which were made "[a]s far back as 2015," implicate Plaintiff's age. Even crediting Plaintiff with the favorable inference that the comments were repeated thereafter, the comments do not demonstrate discriminatory animus capable of supporting his claim because the comments were made by a co-worker, not someone with the authority to recall Plaintiff. *See Lively v. WAFRA Investment Advisory Group, Inc.*, --- F.4th ---, 2021 WL 3118943, at *7–*8 (2d Cir. July 23, 2021) ("Stray age-related remarks are insufficient to raise an inference of discriminatory motive unless they '(1) [were] made repeatedly, (2) drew a direct link between [discriminatory] stereotypes and the adverse employment decision, and (3) were made by supervisors who played a substantial role in the decision to terminate.'") (quoting *Naumovski v. Norris*, 934 F.3d 200, 216 n.47 (2d Cir. 2019) (alterations in *Lively*)); *see also Wheeler v. Bank of New York Mellon*, 256 F. Supp. 3d 205, 218 (N.D.N.Y. 2017) (finding that plaintiff failed to state a claim, in part, because executive accused of discriminatory comments was not a decision-maker in regard to plaintiff's missed promotion); *Posner v. Sprint/United Management Co.*, 478 F. Supp. 2d 550, 559 (S.D.N.Y. 2007) (discrediting temporally remote comments made by a non-supervisor). Indeed, the Complaint alleges that "PJ Sylvestre and certain other" of Defendant's executives were responsible for failing to recall Plaintiff, but none of these individuals are alleged to have made **any** of the allegedly derogatory or discriminatory statements contained in the Complaint. In other words, the

Complaint is wholly conclusory and raises only speculation that Plaintiff was not recalled because of his age. Accordingly, the Complaint fails to state a plausible claim for relief under either the ADEA or the CFEPA. *See Iqbal*, 556 U.S. at 678.

**Conclusion**

For the forgoing reasons, Defendant's motion is GRANTED. The case is DISMISSED, and the Clerk of the Court is directed to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of August 2021.

                          */s/ Kari A. Dooley*
                          KARI A. DOOLEY
                          UNITED STATES DISTRICT JUDGE